# IN THE UNITED STATES DISTRICT COURT OF EASTERN TENNESSEE
# GREENEVILLE DIVISION

| | | |
|---|---|---|
| DANA JOHNSON, | § § § | |
| and | § § | No.: 2:07-CV-00277 |
| NATIONAL CARRIERS, INC., as subrogee of Dana Johnson, | § § § § | **12-Person Jury Demanded** |
| Plaintiffs, | § § § | |
| vs. | § § | |
| VOLVO TRUCK CORPORATION, VOLVO TRUCKS NORTH AMERICA, and VOLVO GROUP NORTH AMERICA, INC., | § § § § § | |
| Defendants. | § § | |

### PLAINTIFFS, DANA JOHNSON and NATIONAL CARRIERS, INC.'S RESPONSES TO DEFENDANTS' MOTION TO EXCLUDE THE TESTIMONY OF EXPERT, KROMENACKER

Come now the Plaintiffs Dana Johnson and National Carriers, Inc., by and through counsel, and submit this Response to Defendants' Motion to Exclude the Testimony of Expert Kromenacker.

In their motion, Defendants have asked the Court to rule that Mr. Bernard Kromenacker, a forensic fire expert retained by Plaintiffs, be excluded from testifying at the trial of this case, by deposition or otherwise. Plaintiffs put forward three primary arguments in support of their motion: (1) that Mr. Kromenacker's testimony will not assist the trier of fact, (2) that his testimony is not based on specific facts, and (3) that his findings are not the product of relevant principles and methods reliably applied. Plaintiffs will address each of these arguments in turn.

(1) <u>Mr. Kromenacker's testimony will assist in the prosecution of this case</u>

Plaintiffs' claims in this case stem from a fire that started in a Volvo tractor-trailer manufactured by Defendants. The cause of the fire is the primary topic addressed by Mr. Kromenacker in his testimony. Defendants did not object to Mr. Kromenacker's qualifications and experience in fire forensics; instead they attack the substance of his opinions.

In essence, Mr. Kromenacker, relying on the account of the incident relayed to him by Dana Johnson, the limited material evidence left after the intense blaze, and an investigation of an exemplar vehicle, has opined that the fire likely started in the electrical systems of either the HVAC unit or the living equipment control module ("LECM") found in the cab of the tractor. Mr. Kromenacker testified that he believes these were likely the source of the fire because the driver Dana Johnson reported certain observations from the sleeper area of the cab and because metallurgic testing revealed that the sleeper cab was the area of the most intense heat in the fire. (See Kromenacker Deposition, pg. 19, ln. 21-25). Based upon these findings, Mr. Kromenacker deduced that the fire started in that area of the tractor, and further deduced that the electrical systems in the above-named components were likely the cause of the fire.

Defendants object to these findings primarily because they argue against the credibility of driver Dana Johnson's observations and argue that the sleeper bed simply contained the most combustible materials. These arguments are not sufficient to carry a *Daubert* motion. First, an expert is certainly entitled to rely on the testimony of those who observed an accident. And second, the mere existence of combustible materials does not make Mr. Kromenacker's opinions any more or less accurate.

Defendants also argue that Mr. Kromenacker's opinions are improper because he was unwilling to state for certain which of the two component systems failed, triggering the blaze.

They cite his failure to test the metallurgic properties of the remaining physical evidence of the tractor and determine the potential failure of the components. Mr. Kromenacker identified two sources that could have caused the fire; his refusal to adamantly choose one is not fatal to the admissibility of his opinion. Finally, Defendants' arguments against testing of the remains of the fire are disingenuous, as the following exchange demonstrates:

> Q: The only other alternative available to you to try to determine if this theory holds water is to use formulas to calculate these unknowns rather than determine by testing, correct?
>
> A: Not necessarily. The formulas will definitely show if the circuitry is correct. The testing could be metallurgical examinations, which could show a failure.
>
> Q: You didn't do that in this case?
>
> A: No, sir.
>
> Q: Why didn't you do that?
>
> A: I wasn't about to do anything with the evidence, unless we did it jointly. (Pg. 65, ln. 6-18)

Defendants in essence argue against the credibility of the driver Dana Johnson and attempt to discredit Mr. Kromenacker's opinions because he refused to narrow the likely fire-triggers to once specific source. These arguments do no make his opinions inadmissible. Rather, his opinions can be helpful to a fact-finder as to a potential cause of the accident, and the jury, as is their charge, can decide whether to find his opinion to be reasonable for not. Mr. Kromenacker's testimony simply is not the sort of evidence that *Daubert* and its progeny were designed to protect against. *See Benton v. Ford Motor Co.*, 492 F.Supp.2d 874, 879 (S.D.Ohio 2007):

*Daubert's* test to determine reliability focuses on the capability of a methodology or theory to be tested, see 509 U.S. at 593, 113 S.Ct. 2786, and not necessarily on whether any given expert's conclusions have been tested. As the Sixth Circuit has noted, this latter concern is best left for the jury in weighing the evidence. *Clay*, 215 F.3d at 668. (It is within the discretion of the district court to decide that an expert witness's failure to test his theories goes to the weight of its testimony and not to its admissibility.). Of course, Defendant is entitled to be skeptical of Lawyer's conclusions, and arguing that Lawyer did not effectively test his results may be an effective way to make the jury skeptical as well when it weighs Lawyer's testimony.

(2) <u>Mr. Kromenacker's testimony is based on specific facts</u>

Defendants further argue that Mr. Kromenacker's testimony is insufficient because he did not perform certain testing that Defendants deem necessary to have formed an opinion. First, as above noted, Mr. Kromenacker refused to perform any potentially destructive testing on the physical evidence he received from Plaintiffs. Second, Defendants admit that he has performed in other cases the sort of testing they now deem necessary, and presumably Defendants then believe that Mr. Kromenacker has sufficient expertise in the area, even though allegedly "lacking" in tests specific to this case. And finally, as explained in the above cited case, the opposing attorney's dislike of the testing performed does not make expert testimony inadmissible; it simply allows the opposing party an avenue to attack an expert's opinions when presented to the fact finder.

(3) <u>Mr. Kromenacker's opinions are the product of appropriate scientific principles</u>

Defendants give a blanket statement that Mr. Kromenacker's testimony should be excluded because he did not perform testing in this case that the Defendants would have preferred. As argued above, and as admitted by Defendants, Mr. Kromenacker has conducted countless studies in this precise field for many years, and his experience and knowledge alone, applied with the science that he deems relevant, have allowed him to form an opinion in this case

4

irrespective of the testing that Defendants would argue is required.  Again, the fact finder's role in this case is to weigh the relevance and credibility of Mr. Kromenacker's opinions; his testimony is not the sort of "fundamentally unsupported" expert opinion referenced in the case law provided by Defendants.

Finally, Defendants frequently argue that the evidence in this case fails to state a claim under the Tennessee Products Liability Act.  Plaintiffs fail to understand how Defendants' allegations as to lack of evidence concerning a product defect at the time of sale are relevant to a *Daubert* challenge.  Such an argument goes to the merits of the case, not the admissibility of an expert.

Respectfully submitted,

BAKER, O'KANE, ATKINS & THOMPSON

S/ Trevor L. Sharpe, Esq., BPR #022281
John W. Baker, Jr., Esq., BPR #001261

P.O. Box 1708
Knoxville, TN   37901-1708
(865) 637-5600

**CERTIFICATE OF SERVICE**

I hereby certify that on *December 15, 2008* a copy of the foregoing *Response to Defendants' Motion to Exclude Testimony of Expert Kromenacker* was filed electronically.  Notice of this filing will be sent by operation of the Court's electronic filing system to all parties indicated on the electronic filing receipt.  All other parties will be served by regular U.S. Mail.  Parties may access the filing through the Court's electronic filing system.

S/ Trevor L. Sharpe, Esq.